# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO. 3:20-CV-00564-GCM

|  |  |
|---|---|
| **RUFUS ROAD PARTNERS, LLC,**<br>**JANET B HAIGLER,**<br>**RIVERCROSS CAPITAL, LLC,**<br>**KLH ACQUISITION COMPANY,**<br>**LLC,**<br>**ROBERT F. ANDERSON,**<br>**KEITH L HAWTHORNE,**<br><br>     **Plaintiffs,**<br><br>   **v.**<br><br><br>**CAMDEN LAND CO., LLC,**<br>**STGE INVESTMENTS, LLC,**<br>**DEEPE, LLC,**<br>**CALLAHAN GRADING, LLC,**<br>**FM CAPITAL, LLC,**<br>**GRINDING SPECIALISTS OF THE**<br>**CAROLINAS, LLC,**<br>**DAVID S HOWEY,**<br>**GRINDING SPECIALISTS, LLC,**<br>**HIGH TENSION RANCH, LLC,**<br>**ANTHONY JARRETT CALLAHAN,**<br>**THE HOWEY CO., INC.,**<br><br>     **Defendants.** | <br><br><br><br><br><br><br><br><br>**CONSENT PROTECTIVE**<br>**ORDER** |

**THIS MATTER** is before the Court upon a Joint Motion of the parties for entry of a Proposed Consent Protective Order, the terms of which the parties have stipulated and agreed to. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and based on the representations and stipulations of the parties, the Court finds that certain information sought to be produced during discovery in this action will likely represent or contain confidential financial, business, commercial, personal, or other sensitive information.

**IT IS THEREFORE ORDERED** that this Protective Order governs the handling of discovery materials produced, given or exchanged by the parties and any non-parties to this action after the signing of this order, and the following terms and conditions shall apply ("Protective Order"):

1.      **Scope.** All documents produced in the course of discovery, all responses to discovery requests and all deposition testimony and deposition exhibits and any other materials which may be subject to discovery and within the scope of Rule 26 of the Federal Rules of Civil Procedure (hereinafter collectively, "documents" or "Protected Material") shall be subject to this Protective Order concerning confidential information as set forth below.

2.      **Form and Timing of Designation.** Confidential documents shall be so designated by placing or affixing the word "CONFIDENTIAL" on the document in a manner which will not interfere with the legibility of the document and which will permit complete removal of the CONFIDENTIAL designation. Documents shall be designated CONFIDENTIAL prior to, or contemporaneously with, the production or disclosure of the documents. Inadvertent or unintentional production of documents without prior designation as confidential shall not be deemed a waiver, in whole or in part, of the right to designate documents as confidential as otherwise allowed by this Protective Order.

3.      **Documents Which May be Designated Confidential.** Any party may designate documents as confidential but only after review of the documents by an attorney who has, in good faith, determined that the documents contain information protected from disclosure by statute, sensitive personal information, trade secrets, proprietary information, or confidential research, development, or commercial information. Information or documents which are available in the public sector may not be designated as confidential.

4. **Depositions.** Portions of depositions shall be deemed confidential only if designated as such when the deposition is taken or within seven business days after receipt of the transcript. Such designation shall be specific as to the portions to be protected.

5. **Protection of Confidential Material.**

    a. **General Protections.** Protected Material shall not be used or disclosed by the parties or counsel for the parties or any other persons identified below (¶ 5.b.) for any purposes whatsoever other than preparing for and conducting the litigation in which the documents were disclosed (including any appeal of that litigation).

    b. **Limited Third Party Disclosures.** The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL under the terms of this Protective Order to any other person or entity except as set forth in subparagraphs (i)-(vi) below. The following categories of persons are be allowed to review documents which have been designated CONFIDENTIAL pursuant to this Protective Order:

        i. The Court and its staff;

        ii. Counsel and employees of counsel for the parties who have responsibility for the preparation and trial of the lawsuit;

        iii. Parties;

        iv. In-house counsel, management, directors, officers, and employees of a party to this Protective Order, but only to the extent necessary to conduct the litigation in which the information is disclosed;

v. Court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

vi. Consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit; and

vii. Other persons only upon consent of the producing party or upon order of the Court and on such conditions as are agreed to or ordered.

c. **Control of Documents.** Counsel for the parties shall take reasonable efforts to prevent unauthorized disclosure of Protected Material pursuant to the terms of this Protective Order.

d. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies"), of documents designated as Confidential under this Protective Order or any portion of such a document, shall be immediately affixed with the designation "CONFIDENTIAL" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order

6. **Filing of Confidential Materials.** In the event a party seeks to file any material that is subject to protection under this Protective Order with the court, that party shall take appropriate action pursuant to the Federal Rules of Civil Procedure and the Local Rules of the Western District of North Carolina to insure that the documents receive proper protection from public disclosure, which may include: (1) filing a redacted document with the consent of the party who designated the document as confidential; (2) where appropriate (*e.g.* in relation to discovery and evidentiary

motions), submitting the documents solely for *in camera* review; or (3) where the preceding measures are not adequate, seeking permission to file the document under seal in accordance with the Federal Rules of Civil Procedure and Local Rules of the Western District of North Carolina. Absent extraordinary circumstances making prior consultation impractical or inappropriate, the party seeking to submit an un-redacted portion of a CONFIDENTIAL document to the court shall first consult with counsel for the party who designated the document as confidential to determine if some measure less restrictive than filing the document under seal may serve to provide adequate protection. This duty exists irrespective of the duty to consult on the underlying motion.

7.      **Disclosure to Authors.** Nothing herein shall prevent any counsel of record from using confidential information in the examination or cross-examination of any person who is indicated on the CONFIDENTIAL document as being an author, source, or recipient of the document, irrespective of who produced such information.

8.      **Challenges to Designation as Confidential.** Any party may request a change in the designation of any information designated CONFIDENTIAL. Any such document shall be treated as designated until the change is agreed to or ordered. The parties shall use their best efforts to resolve the issue before presenting it to the Court. If the requested change in designation is not agreed to, the party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" may be affected. The party challenging the material as "Confidential" shall have the burden of proving that the information in question does not fall within the scope of protection.

   a. Challenges to the confidentiality of documents may be made at any time and are not waived by the failure to raise the challenge at the time of initial disclosure or designation.

9. **Responding to Subpoenas**. If any receiving party is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks documents which have been designated CONFIDENTIAL or are otherwise Protected Material under this Protective Order, the receiving party shall give prompt written notice by hand, electronic or facsimile transmission within five (5) business days of receipt of such subpoena or document demand, to the producing party who designated the document Confidential or produced the Protected Material. The burden of opposing the enforcement of the subpoena or document demand shall fall upon the producing party who designated the document, which party may serve its own objections to the subpoena or document demand. To the extent permitted by law, unless and until a court of competent jurisdiction overrules the objections made and orders production of the documents designated CONFIDENTIAL or Protected Materials, the receiving party shall not produce the designated documents. Compliance by the receiving party with any order directing production pursuant to the subpoena of any designated CONFIDENTIAL documents or Protected Materials shall not constitute a violation of this Protective Order.

10. **Treatment on Conclusion of Litigation.**

    a. **Order Remains in Effect.** All provisions of this Protective Order restricting the use of documents designated CONFIDENTIAL shall continue to be binding after the conclusion of the litigation unless otherwise agreed or ordered.

    b. **Return of CONFIDENTIAL Documents.** Within thirty (30) days after the conclusion of the litigation, including conclusion of any appeal, all documents treated as confidential under this Protective Order, including copies as defined above (¶5.d.) shall be returned to the producing party unless: (1) the document has been entered as evidence or filed (unless introduced or filed under seal); (2) the

parties stipulate to destruction in lieu of return; or (3) as to documents containing the notations, summations, or other mental impressions of the receiving party, that party elects destruction. Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product including an index which refers or relates to information designated CONFIDENTIAL so long as that work product does not duplicate verbatim substantial portions of the text of confidential documents. This work product continues to be Confidential under the terms of this Protective Order. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose the confidential documents.

c. The ultimate disposition of protected materials shall be subject to a final order of the court upon completion of the litigation.

11. **No Waiver.** Entering into this Protective Order, agreeing to produce or producing or receiving designated documents or otherwise complying with the terms of this Protective Order shall not prejudice in any way the rights of any party to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be CONFIDENTIAL.

12. **Order Subject to Modification.** This Protective Order shall be subject to modification on motion of any party or any other person who may show an adequate interest in the matter to intervene for purposes of addressing the scope and terms of this Protective Order. The Protective Order shall not, however, be modified until the parties shall have been given notice and an opportunity to be heard on the proposed modification.

13.     **No Judicial Determination.** This Protective Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any specific document or item of information designated as CONFIDENTIAL by counsel is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as a document-specific ruling shall have been made.

**SO ORDERED.**

Signed: April 12, 2022

Graham C. Mullen
United States District Judge

WE CONSENT AND ARE BOUND AS OF THE 11th DAY OF MARCH, 2022.

**JAMES, McELROY & DIEHL, P.A.**

 /s/ John R. Buric
John R. Buric, N.C. Bar No. 22688
jburic@jmdlaw.com
Preston O. Odom, N.C. Bar No. 29587
podom@jmdlaw.com
John R. Brickley, N.C. Bar No. 41126
jbrickley@jmdlaw.com
525 N. Tryon Street, Suite 700
Charlotte, North Carolina 28202
Telephone: (704) 372-9870
Facsimile: (704) 333-5508
*Attorneys for Keith Hawthorne; KLH Acquisition
Company, LLC; Rivercross Capital, LLC; and
Rufus Road Partners, LLC*

**NELSON MULLINS RILEY &
SCARBOROUGH, LLP**

 /s/ Brandon Keith Poston
Brandon Keith Poston, *pro hac vice*
keith.poston@nelsonmullins.com
Frank B.B. Knowlton, *pro hac vice*
frank.knowlton@nelsonmullins.com
1320 Main Street, 17th Floor
Columbia, South Carolina 29201
Telephone: (803) 799-2000
Facsimile: (803) 256-7500
*Attorneys for Robert F. Anderson as Chapter 7
Trustee  for Grinding Specialists of the Carolinas,
LLC; and Grinding Specialists, LLC*

**GLEISSNER LAW FIRM, LLC**

 /s/ Luke R. Gleissner
Luke R. Gleissner, *pro hac vice*
luke@gleissnerlaw.com
Richard  R. Gleissner, *pro hac vice*
rick@gleissnerlaw.com
1237 Gadsden Street, Suite 200A
Columbia, South Carolina 29201
Telephone: (803) 787-0505
Facsimile: (803) 712-4283
*Attorneys for Janet B. Haigler as Chapter 7
Trustee for Callahan Grading, LLC*

**JOHNSTON, ALLISON & HORD, P.A.**

 /s/ Robert L. Burchette
Robert L. Burchette, NC Bar No. 7035
rburchette@jahlaw.com
Kenneth Lautenschlager, NC Bar No. 23246
klautenschlager@jahlaw.com
Kathleen D.B. Burchette, NC Bar No. 45891
kburchette@jahlaw.com
Charles G. Middlebrooks, NC Bar No. 55171
cmiddlebrooks@jahlaw.com
1065 East Morehead Street
Charlotte, NC 28204
Telephone: (704) 332-1181
Facsimile: (704) 376-1628
*Attorneys for The Howey Co., Inc.; Camden Land
Co., LLC; STGE Investments, LLC; DEEPE,
LLC; FM Capital, LLC; and David S. Howey*

**D'AGOSTINO LAW FIRM**

 /s/ Daniel D. D'Agostino
Daniel D'Agostino
dan@ddllplaw.com
D'Agostino Law Firm
25 West Liberty Street
York, South Carolina 29745
Telephone: (803) 628-6509
Facsimile: (803) 628-7990
*Attorney for High Tension Ranch, LLC and
Anthony Jarrett Callahan*